IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,027-01




EX PARTE JAMIE LYNN BABBS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 28570-A IN THE THIRD DISTRICT COURT
FROM ANDERSON COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child, prohibited sexual conduct, and indecency with a child. He was sentenced to imprisonment
for twenty, ten, and fifteen years, respectively. The Twelfth Court of Appeals affirmed his
convictions. Babbs v. State, No. 12-08-00023-CR (Tex. App.—Tyler 2009, no pet.).
            Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he advised Applicant that the punishment range was 2 to 10 years, failed to timely convey
a six-year plea offer, and advised Applicant that he would be sentenced to not more than six years.
            On October 30, 2013, we remanded this application and directed the trial court to order
counsel to respond to Applicant’s claims. On remand, counsel filed a sworn affidavit, but he did not
say in his affidavit whether he advised Applicant that the punishment range was 2 to 10 years, or
whether he told Applicant that he would be sentenced to not more than six years. The trial court
shall order counsel to respond to these claims. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall determine whether the State made a six-year plea offer and whether
Applicant was properly admonished of the appropriate punishment ranges for these offenses. After
reviewing counsel’s response and the record, the trial court shall make further findings of fact and
conclusions of law as to whether trial counsel’s conduct was deficient and, if so, Applicant was
prejudiced. If the trial court determines that counsel’s advice to Applicant was deficient, the trial
court shall also determine whether Applicant would have pleaded not guilty but for this deficient
advice. Hill v. Lockhart, 474 U.S. 52 (1985). The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. The plea papers and reporter’s
record of Applicant’s guilty plea, if it exists, shall also be forwarded with the supplemental record.
Any extensions of time shall be obtained from this Court.
 
Filed: April 30, 2014
Do not publish